IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 16-00272-CG-B |
| | ) | |
| **FELIX ALFREDO RIVAS** | ) | |
| | ) | |

## ORDER

This matter is before the Court on the Notice of Appeal (Doc. 125), filed by Defendant Felix Alfredo Rivas which this Court construes as a motion for a certificate of appealability. For the reasons explained below, the Court finds the motion should be denied.

To appeal a district court's final order in a proceeding brought under 28 U.S.C. § 2255, a petitioner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b). Therefore, petitioner's notice of appeal is construed as the requisite motion for certificate of appealability. Section 2253(c)(2) provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To make a "substantial showing of the denial of a constitutional right," a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Anderson v. Sec'y for the Dep't of Corr.*, 462 F.3d 1319, 1323 (11th Cir. 2006) (citations and

1

internal quotations omitted).

This Court previously found that Defendant's appeal was not taken in good faith as Defendant had not demonstrated that he was seeking appellate review of any issue that is not frivolous. (Doc. 131 – addressing Defendant's motion to proceed on appeal IFP). This Court stated:

> Rivas is appealing the order (Doc. 124) that denied his motion to toll the statute of limitations and denied his motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Rivas did not state the nature of the appeal or the claims or issues that he intends to present on appeal in his motion for leave to proceed without prepayment of fees or in his Notice of Appeal. *See* 28 U.S.C. 1915(a) (". . . any court of the United States may authorize the . . . appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."). The Court presumes that Rivas' appeal is based on the same assertions stated in his original motion to toll and to vacate, set aside or correct sentence. (Docs. 113, 123).
> The Court finds that Rivas has not established that his appeal is taken in good faith or that the issues he seeks to have reviewed on appeal have merit. Rather, Rivas indicates only that he wishes another round of review of those arguments which he has already made and which have already been decided by this Court. Rivas provides no sound argument or legal basis which would support that his claims have merit on appeal. Rivas has presented no new arguments which would necessitate the granting of his motion for leave to proceed *in forma pauperis*. As a result, his appeal is plainly baseless and not taken in good faith.

(Doc. 131, PageID.1303-04). The Court finds that Defendant's motion for certificate of appealability should be denied for the same reasons explained above. Defendant has not made a substantial showing of the denial of a constitutional right or that reasonable jurists could debate whether the issues presented were adequate to

2

deserve encouragement to proceed further.  Accordingly, Defendant's motion for certificate of appealability (Doc. 125), is **DENIED**.

    **DONE** and **ORDERED** this 29th  day of June, 2021.

                                       /s/ Callie V. S. Granade
                                       SENIOR UNITED STATES DISTRICT JUDGE